IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HELEN MARTIN GILBERT, as the surviving Sister and Administrator of the Estate of EURIE LEE MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> HENRY LEE COPELAND, in his individual capacity; MICHAEL HOWELL, in his individual capacity; and RHETT BUTLER SCOTT, in his individual capacity, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO: 5:23-CV-00239-TES |

## **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY**

COME NOW Defendants in the above-styled civil action, and submit this Brief in support of their motion for a stay of the proceedings. Defendants request the Court to stay this action, which is brought pursuant to 42 U.S.C. § 1983, because there are related criminal charges against Defendants now pending in the Superior Court of Washington County, Georgia. Therefore, this action should be stayed for the following reasons.

## **PERTINENT FACTS**

This case arises from the death of Eurie Martin Plaintiffs' Decedent. [Doc. 1]. The death occurred after Eurie Martin had walked onto a Washington County citizen's property in a strange and suspicious manner, which resulted

in the citizen calling 911 and reporting suspicious behavior. Washington County Deputy Michael Howell responded, observed Eurie Martin walking in the roadway, and tried to detain Martin to investigate. Martin refused to stop or talk to Howell, who then called for backup. Deputies Copeland and Scott later arrived and tried to detain Martin. [Doc. 1].

After initial confrontation and commands, the officers used Tasers and physical restraint force to try to control Martin. [Doc. 1]. EMS was called, and the officers physically restrained Martin while waiting on EMS to arrive. Martin stopped breathing before EMS arrived. A first responder, however, was present, and began performing CPR on Martin until EMS arrived and transported Martin to the hospital. Martin later died at the hospital. [Doc. 1].

The district attorney for Washington County later obtained a grand jury indictment of all the deputies involved, who are the Defendants in this action, on the following charges: Counts 1 and 2-felony murder, Counts 3 and 4-involuntary manslaughter, Count 5-false imprisonment, Count 6-aggravated assault, Count 7-simple assault, and Count 8-reckless conduct. [Defendants' Exhibit A: (Indictment No. 18CR46A); Exhibit B: (Indictment No. 18CR46B); Exhibit C: (Indictment No. 18CR46C)]. The true bills were filed in open court on June 19, 2018.

The charges went to trial in October 2021, and a mistrial was granted based on the jury's inability to reach a verdict. [Defendants' Exhibit D: (Order

Granting Motion for Mistrial)]. The charges remain pending. [Plaintiff's Complaint, ¶16].

This civil lawsuit was filed on July 6, 2023, [Doc. 1], and Defendants filed their Answer to the Complaint on August 14, 2023. [Doc. 8].

In view of the pending criminal charges and concomitant effect on the ability of the parties to obtain evidence and testimony related to the issues presented, Defendants move this Court for a stay of proceedings until the criminal charges are resolved.

## ARGUMENT AND CITATIONS TO AUTHORITY

District courts have broad discretion and inherent authority to stay cases when justice so requires. *Ventura v. Brosky,* 2006 WL 3392207 (S.D. Fla., Nov. 21, 2006) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corporation*, 685 F.2d 1284, 1288 (11th Cir. 1982)); *Rogers v. City of Atlanta,* 214 F.Supp.3d 1314 (N.D. Ga. 2016); *National Association of Government Employees v. Mulligan*, 849 F.Supp.2d 167, 172-73 (D. Mass. 2012) (discussing inherent discretionary authority to grant stays in civil actions). "No question exists that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation." *S.E.C. v. Healthsouth Corp.,* 261 F.Supp.2d 1298, 1326 (N.D. Ala. 2003). In determining whether to grant a stay, the Court "may consider a variety of factors, including the extent to which the defendant's Fifth Amendment rights are implicated. . . ." *Id.*

Ultimately, a district court should "stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the interests of justice." *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.1994). Federal courts have identified the following factors to consider in determining whether special circumstances exist to support a stay:

(1) the extent to which the defendant's Fifth Amendment rights are implicated by pending criminal charges;

(2) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to the plaintiffs from delay;

(3) the burden any particular aspect of the proceedings may impose on the defendant;

(4) the efficient use of judicial resources; and

(5) the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation.

*Healthsouth Corp.*, 261 F. Supp. 2d at 1326.

Other important factors are the extent to which the issues in the criminal matter and civil cases overlap, and the status of the criminal case, including whether the defendant has been indicted. *Id.* Defendants will analyze these factors in support of their motion to stay.

4

## A. THE ISSUES IN THE CRIMINAL CASE UNQUESTIONABLY OVERLAP WITH ISSUES PRESENTED IN THIS CIVIL ACTION

The state criminal charges relate to the detention of decedent Eurie Martin and force used by the Defendants during the incident, and the Complaint in this action asserts Section 1983 claims based on the same events and use of force. That is, Plaintiff's Section 1983 claims against the Defendants are based on alleged lack of reasonable suspicion to detain Martin and the reasonableness of force used by Defendants and its alleged effect on Martin.

The criminal charges involve essentially the same allegations and issues. The existence of reasonable suspicion and the extent of force used and its effect is at the heart of both cases. Therefore, the issues in the criminal case overlap completely with issues presented in this case, weighing in favor of a stay the proceedings. *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted when the civil and criminal actions involve the same subject matter."); *National Association of Government Employees v. Mulligan*, 849 F.Supp.2d 167, 173 (D. Mass. 2012) ("pendency of parallel criminal investigation" is a situation where stay is appropriate).

"The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." *Healthsouth Corp.*, 261 F.Supp.2d @

132. As shown, the critical issues in the criminal and civil cases are identical, as they share the same operative facts, arise out of the same allegations, and involve the same parties, the Defendants and Plaintiff's decedent.

Thus, the "overlap" factor (the most important threshold issue) undeniably tilts in favor of granting the stay. *See United States v. Pinnacle Quest Int'l*, 3:08-CV-136-RV-EMT, 208 WL 427 4498 (N.D. Fla. 2008). *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("A stay of civil proceedings is most likely to be granted when the civil and criminal actions involve the same subject matter."); *National Association of Government Employees v. Mulligan*, 849 F.Supp.2d 167, 173 (D. Mass. 2012) ("pendency of parallel criminal investigation" is a situation where stay is appropriate).

Not only does the parallel criminal case involve overlapping issues, the testimony about the reasons for the attempted detention and the force used by each of the Defendants is needed by the parties and this Court to determine whether there were any constitutional violations and whether certain defenses, including immunities, apply. Defendants will need their testimony to present defenses to the Court on dispositive motions and at trial, but Defendants would exercise their rights under the 5th Amendment not to answer questions about the incident before any criminal trial. Therefore, critical evidence will not be available.

Thus, given the overlapping issues and importance of the testimony of the Defendants involved, special circumstances warrant a stay of the proceedings in this case. *Ventura v. Brosky*, 2006 WL 3392207 (S.D. Fla. Nov. 21, 2006) (noting that when there is a "concurrent civil and criminal proceeding, the Court must stay a civil proceeding pending resolution of the related criminal prosecution when **'special circumstances'** serve the 'interests of justice.'") (quoting *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994)). Not only will the 5th Amendment rights impede discovery, discovery from third parties would also be limited by the pending prosecutions.

### B. THE STATUS OF THE CRIMINAL CASE AND THE DEFENDANTS' FIFTH AMENDMENT RIGHTS WEIGH IN FAVOR OF A STAY

Defendants were indicted on June 19, 2018, went to trial once in October 2021, and still face additional criminal proceedings. Therefore, these Defendants would assert their Fifth Amendment privilege not to testify about the underlying events in a deposition in this case, and that severely hampers the ability of all parties to obtain needed discovery. Moreover, Defendants should be afforded an opportunity to defend against the criminal charges without having to make the difficult choice of answering questions in a deposition, or asserting their Fifth Amendment rights not to do so and

7

incurring adverse consequences. *See Healthsouth Corp.*, 261 F.Supp.2d at 1326.

Defendants are facing felony murder charges, and, if convicted, could face life sentences in prison. Therefore, it is extremely important to protect their Fifth Amendment constitutional rights in the criminal case, and not penalize or burden them in regard to criminal or civil liability and potential money damages. *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944, 946-948 (11th Cir. 1990) (holding that the 5th Amend. "privilege is violated when a defendant, who is a defendant in both a criminal and civil case, is forced to choose between waiver of testimonial privilege and automatic entry of an adverse judgment in a civil case.")

In a similar case, a federal district court granted the defendant county's motion to stay because a former officer (and co-defendant) was the subject of a criminal prosecution. *Ventura v. Brosky*, 2006 WL 3392207 (S.D. Fla. Nov. 21, 2006). In granting the stay, the district court noted that in "[s]ituations where a defendant in both criminal and civil proceedings must choose between whether to waive his privilege against self-incrimination or lose the civil case in summary or default judgment proceedings," the defendants have met their burden and a stay is warranted. *Id.*; see also *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994).

Defendants are in that situation here.

Allowing discovery in this civil action would create the risk that the Defendants' defense strategy for the criminal trial will be divulged to prosecutors. That is a concern that a federal district court has noted. *SEC v. Healthsouth Corp.*, 261 F.Supp.2d at 1326. Given the parallel nature of the allegations in both cases, it is very likely that ongoing discovery in the civil case would reveal defense strategies to prosecutors, giving the State an unfair advantage in the criminal trial. That prejudice should be avoided.

Moreover, the potential prejudice to all Defendants weighs strongly in favor of granting a stay, and, as in *Ventura*, a stay should be granted.

D. **ANY INTEREST OF PLAINTIFF IN PROCEEDING EXPEDITIOUSLY DOES NOT OUTWEIGH THE NEED FOR A STAY**

This civil case was only filed recently, yet the underlying incident occurred over 6 years ago. Clearly, Plaintiffs have not been eager to move forward with the civil claims and there is no reason to proceed with discovery now. While it may take some additional time for the criminal charges to be resolved, that factor does not outweigh the other factors that support the stay.

Also, the primary issue in the civil case is whether Defendants violated Plaintiffs' decedent's constitutional rights, and that is a fact specific inquiry that requires the Defendants' testimony. The claim is for money damages for a death, so there is no risk of ongoing or repeated injury or need for a quick

resolution. There is no claim for declaratory or injunctive relief, and no risk of any further harm or reason for a more rapid resolution of the civil case.

Thus, any interests that Plaintiffs have in proceeding expeditiously do not outweigh Defendants' Fifth Amendment rights and interests at stake in the criminal case. *Integrated Generics, Inc. v. Bowen*, 678 F. Supp. 1004 (E.D.N.Y. 1988) (when plaintiffs no longer have risk of ongoing harm, plaintiffs' interest in proceeding is more minimal).

### E.  A STAY WILL PROMOTE EFFICIENT USE OF JUDICIAL RESOURCES AND THE INTERESTS OF THE PUBLIC

The interests of non-parties, the public and the Court alike tilt in favor of granting the stay. The interests of the public and the Court in administering justice is best served by providing criminal defendants a full and fair opportunity to defend themselves, without civil penalty or burden. Furthermore, the resolution of the criminal charges likely will assist in the ultimate resolution of issues in this action, or at least in the narrowing of the issues. Also, the Court will not have to deal with the motions and piece meal proceedings that will occur if the case is not stayed.

The Eleventh Circuit has noted, "[a]lthough stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues." *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018, n. 11 (11th Cir. 1993). "In addition, in the

absence of a stay, discovery in the civil litigation will no doubt become bogged down" because the "court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions." *All Meat & Poultry Products*, 2003 WL 22284318 at * 5.

Further, "a stay would promote efficiency and avoid duplication as the court would have the benefit of the transcripts and rulings in the criminal action." *Stamile v. County of Nassau*, CV 10-2632 SJF AKT, 2011 WL 1754125, * 7(E.D.N.Y. Jan. 31, 2011). Although a stay "may result in the immediate delay in the progress of the civil action, it is likely that the resolution of the criminal action will, ultimately, further the Court's interest in the efficient disposition of the civil action." *Id*. In the "absence of a stay, the civil and criminal case will proceed simultaneously, presenting the potential for a duplication of effort." *Id*.

Accordingly, the interests of all parties, the public, and the Court will be protected by a stay.

## **CONCLUSION**

This civil action and the pending criminal charges against the Deputies involved in the underlying incident involve identical facts and completely overlapping issues, and all Defendants likely will exercise their Fifth Amendment rights not to respond to questions about the underlying incident. Since all parties and the Court need the benefit of testimony of the officers for proper determination

of issues in this case, under these special circumstances the Court should exercise its discretionary authority and grant a stay until the criminal prosecution of Defendants has fully concluded.

This 9th day of October, 2023.

                                                WILLIAMS & WAYMIRE, LLC

                                                */s/ Terry E. Williams*
                                                TERRY E. WILLIAMS
                                                Georgia Bar No. 764330
                                                Attorney for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790
(678) 541-0789(f)
terry@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the within and foregoing DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY on all parties via U.S. Mail and/or the Court's electronic filing system, as follows:

Francys Johnson
fjohnson@davisbozemanlaw.com
DAVIS BOZEMAN JOHNSON LAW
51 East Main Street
Statesboro, GA 30458

Mawuli M. Davis
mdavis@davisbozemanlaw.com
Harold W. Spence
hspence@davisbozemanlaw.com
DAVIS BOZEMAN JOHNSON LAW
4153-C Flat Shoals Parkway
Suite 332
Decatur, GA 30034

This 9th day of October, 2023.

WILLIAMS & WAYMIRE, LLC

*/s/ Terry E. Williams*
TERRY E. WILLIAMS
Georgia Bar No. 764330
Attorney for Defendants

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA  30518
678-541-0790
678-541-0789
terry@wmwlaw.com

13